IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IDREES MERRITT, | § | |
| | § | No. 122, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1608011407 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: October 8, 2024
Decided: December 5, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1) Idrees Merritt appeals the Superior Court's denial of his motion for a hearing under 11 *Del. C.* § 408. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Merritt's opening brief that his appeal is without merit. We agree and affirm.

(2) In August 2016, Merritt was arrested for the murder of Miprecious Hoskins and later indicted for first-degree murder, aggravated menacing, criminal contempt, possession of ammunition by a person prohibited, two counts of possession of a firearm by a person prohibited, and three counts of possession of a

firearm during the commission of a felony. On June 20, 2017, Merritt appeared before the Superior Court to enter a guilty-but-mentally-ill plea to first-degree murder. At the plea hearing, the presiding Superior Court judge stated that it was his intention, as requested by the parties, to find Merritt guilty but mentally ill under Section 408. The judge observed, however, that Section 408 requires the trier of fact to review a presentence investigation report before making such a finding. Accordingly, the Superior Court deferred making a finding that Merritt was guilty but mentally ill when he murdered Hoskins and ordered a presentence investigation. On September 8, 2017, the parties reconvened. At the outset of the hearing, the judge stated, "[t]he [c]ourt has reviewed the reports that were submitted, as well as the Presentence Investigation, and has determined that there is a basis for the plea of Guilty But Mentally Ill, and accepts the plea."[1] After hearing from the parties, the Superior Court sentenced Merritt to life in prison as required by 11 *Del. C.* § 4209. Merritt did not appeal his conviction or sentence.

(3) In March 2020, Merritt filed a motion for postconviction relief. The Superior Court summarily dismissed the motion as untimely filed. Merritt did not appeal. In November 2022, Merritt filed a motion for correction of illegal sentence. The Superior Court denied the motion, noting that Merritt was serving a mandatory sentence. Merritt did not appeal.

---

[1] State's Mot. to Affirm, Ex. G at 4.

(4) In February 2024, Merritt moved for an "immediate hearing" under Section 408. Although framed as a request for a hearing, Merritt argued that his plea should be set aside because he had been transferred to the custody of the Department of Correction despite it being "reasonably expected and understood… that Merritt would serve his sentence at the Delaware Psychiatric Center."[2] Recognizing that a defendant can only seek to set aside a conviction under Superior Court Criminal Rule 61,[3] the Superior Court construed Merritt's motion as a motion for postconviction relief and summarily dismissed it.[4] Merritt filed a motion for reargument, which the Superior Court denied.[5] This appeal followed.

(5) In his opening brief on appeal, Merritt raises overlapping ineffective-assistance-of-counsel claims—arguments that he asserts he was unable to raise below because he did not intend for his motion for a Section 408 hearing to be deemed a motion for postconviction relief. In connection with these ineffective-assistance-of-counsel claims, Merritt argues that one of the mental health evaluations the Superior Court cited in support of its finding that Merritt suffered from a mental illness when he murdered Hoskins is "new evidence," and that trial counsel coerced Merritt into pleading guilty but mentally ill. Merritt also asks the

---

[2] App. to Opening Br. at 72.
[3] Del. Super. Ct. Crim. R. 61(a).
[4] *State v. Merritt*, 2024 WL 862448 (Del. Super. Ct. Feb. 28, 2024).
[5] *State v. Merritt*, 2024 WL 1007717 (Del. Super. Ct. Mar. 8, 2024).

Court to remand this matter for a Section 408 hearing. We find no merit to those arguments.

(6)  As a preliminary matter, it is clear that the Superior Court properly construed Merritt's motion to set aside his guilty plea as a motion for postconviction relief. We review the Superior Court's denial of postconviction relief for abuse of discretion.[6]  Before examining the merits of a motion for postconviction relief, however, "our courts must first apply the rules governing the procedural requirements for relief set forth in Rule 61."[7]  The Superior Court correctly concluded that Merritt's motion was subject to summary dismissal under Rule 61(d)(2): because Merritt was not tried before a jury, he could not avail himself of the new-evidence-of-actual-innocence exception to Rule 61(d)(2)'s procedural bar.[8] In any event, the mental health evaluation Merritt cites is neither new evidence nor evidence of Merritt's actual innocence. Indeed, defense counsel referred to the evaluation during the proceedings and, as Merritt concedes, the Superior Court relied on the evaluation in part when it accepted Merritt's guilty-but-mentally-ill plea. Moreover, Merritt acknowledged that he was, in fact, guilty of Hoskins' murder

---

[6] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).
[7] *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002).
[8] *See* Del. Super. Ct. Crim. R. 61(d)(2) (providing that a second or subsequent motion for postconviction relief must be summarily dismissed unless the movant was convicted after a trial and the motion pleads with particularity (i) new evidence of actual innocence or (ii) that a new rule of constitutional law, made retroactive to cases on collateral review, applies to the movant's case and renders the conviction invalid).

4

during the plea colloquy.[9]  To the extent that Merritt seeks to correct an illegal sentence under Superior Court Criminal Rule 35(a) because the Superior Court did not comply with Section 408 before accepting his plea, his claim is an argument that his sentence was imposed in an illegal manner, and it is time-barred.[10]  And we note that the record reflects that the parties agreed that the Superior Court could make a finding regarding Merritt's mental illness "on the papers"[11]—that is, based on the mental health evaluations and the presentence investigation report filed with the Superior Court before the September 8, 2017 hearing at which the court accepted Merritt's guilty-but-mentally-ill plea.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[9] *See Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) ("In the absence of clear and convincing evidence to the contrary, [a defendant] is bound by his answers on the Truth-in-Sentencing Guilty Plea Form and by his sworn testimony prior to the acceptance of the guilty plea.").

[10] *See Walley v. State*, 918 A.2d 339, 2007 WL 135615, at *1 (Del. Jan. 11, 2007) (TABLE) (noting that the defendant's claim that the Superior Court had not conducted a separate hearing to determine whether he was eligible to be sentenced as a habitual offender was a claim that the court had imposed a sentence in an illegal manner and was required to be raised within 90 days of the defendant's sentencing); Del. Super. Ct. Crim. R. 35(a) ("The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."); Del. Super. Ct. Crim. R. 35(b) (providing that a timely filed motion for reduction of sentence must be filed within 90 days of sentencing).

[11] State's Mot. to Affirm, Ex. F at 8.